```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
ROBIN DARWIN,                                                        :
                                                                     :
                              Plaintiff,                             :
                                                                     :         22-cv-872 (LJL)
               -v-                                                   :
                                                                     :              ORDER
NEWBURGH OPERATIONS, LLC d/b/a SAPPHIRE                              :
NURSING AT MEADOW HILL, TZVI BARAX in his                            :
individual and professional capacities,                              :
                                                                     :
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 7/13/2022

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Robin Darwin moves for an order compelling Defendants to provide amended responses to Plaintiffs' document requests and interrogatories that (i) assert no objections other than those pertaining to privilege; (ii) provide substantive responses to the interrogatories; (iii) include either a production of documents or a firm statement that no responsive documents exist with respect to each request; and (iv) state when documents are being withheld pursuant to a claim of privilege, including by producing a privilege log. Dkt No. 25.

      The motion is GRANTED IN PART and DENIED IN PART.  The Court will not deem Defendants to have waived their right to make objections to Plaintiff's interrogatories and the document requests. The six-day delay in the service of discovery responses and the boilerplate content of those objections does not warrant the remedy of waiver of objections. At the same time, Plaintiff is correct that Defendants' responses to the discovery requests violate Federal Rule of Civil Procedure 34. The responses impermissibly incorporate general objections in response to each and every document request. *See Cambridge Cap. LLC v. Ruby Has LLC*, 2022 WL 889143, at *5 (S.D.N.Y. Mar. 24, 2022) (incorporating all of the general objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection); *Fischer v. Forrest*, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017). They also fail to set forth the basis upon which a request is deemed to be overbroad or burdensome. *See* Silberberg et al., Civil Practice in the Southern District of New York § 21:11 (2021 ed) ("The specificity requirement means that courts may reject boilerplate objections such as overbreadth and undue burden, with some additional explanation for why the request is objectionable on that basis."). And the responses do not indicate whether documents are being withheld on the basis of a privilege. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."); Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment ("The producing party does not need to provide a detailed

description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection."). Amended responses that cure these violations must be served within seven days of the date of this Order.

The motion with respect to the interrogatories is DENIED without prejudice.  It is true that the interrogatory responses are overly and impermissibly general.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity"). Defendants make objections on overbreadth, vagueness, and ambiguity grounds without—in some instances—indicating what is overbroad or vague or ambiguous about an interrogatory.  At the same time, certain of the interrogatories are not consistent with Local Civil Rule 33.3 limiting the types of interrogatories that can be served at the commencement of discovery.  *See* S.D.N.Y. Loc. Civ. R. 33.3.  The parties are ordered to meet and confer with respect to the interrogatory responses before raising with the Court any issue with respect to the propriety of the interrogatories or the responses.

SO ORDERED.

Dated: July 13, 2022
      New York, New York

LEWIS J. LIMAN
United States District Judge