**RISSMILLER** PLLC
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

November 20, 2023

**BY ECF**

The Honorable Jennifer H. Rearden, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*Insofar as Defendants have, as Plaintiff purports, proffered "additional evidence" in their summary judgment papers, that evidence will be disregarded. With that understanding, and considering both parties' detailed submissions on this issue (see ECF Nos. 81, 84), Plaintiff's request for a conference is denied.*

*SO ORDERED.*

*Jennifer H. Rearden, U.S.D.J.*
*Date: May 6, 2024*

Re:  Robin Darwin v. Newburgh Operations, LLC et al.; No. 22-cv-872-JHR

Dear Judge Rearden:

I represent Plaintiff Robin Darwin and write to address Defendants' recent submissions (ECF 76-79), which violate the Court's unambiguous Order that the parties solely "incorporate points and authorities regarding the purported authentication issues into their summary judgment briefs and resubmit them." (ECF 71). This letter motion is submitted in conjunction with Plaintiff's amended memorandum of law, which incorporates the list of documents at issue and additional points requested. *See* ECF 80 ¶ II(A)(i).

This disability discrimination action was initiated on February 1, 2022. Discovery closed on November 3, 2022, and Defendants' motion for summary judgment was fully submitted on January 13, 2023. (ECF 49-60). On September 30, 2023, the Court ordered that its decision on the motion was stayed, and that "[t]he parties shall incorporate points and authorities regarding the purported authentication issues into their summary judgment *briefs* and resubmit them." (ECF 71) (emphasis added). Significantly, the Court made clear that its Order only pertained to the parties' summary judgment briefs, and that modifications to the briefs were to be limited to the authentication issue Plaintiff raised in opposition to the motion:

> The parties' briefs may only be amended as explained herein. No other modifications, including any changes designed to cure perceived deficiencies, will be permitted. In that regard, Defendants' opening brief may not be amended to add or substitute (1) any arguments for summary judgment, or (2) any support from the record.

*Id.* Defendants flouted these clear instructions through their October 30, 2023 submissions (ECF 76-79), which include an extensively modified Rule 56.1 Statement of Material Facts and Declaration in Support. *Compare* ECF 51 *with* ECF 77 (incorporating an additional affidavit and numerous additional exhibits throughout).

Defendants incorporated the same additional affidavit and six exhibits into their attorney declaration in support of the motion. *Compare* ECF 50 ¶ 28 *with* ECF 79 ¶ 28. That additional evidence, which was not included in Defendants' original declaration in support of their motion (ECF 50), is now incorporated without any indication of those changes having been made. *See* ECF 79-26.

Defendants' decision to bolster their moving papers with additional evidence — in direct contravention of the Court's Order — is compounded by their failure to produce material evidence during discovery. Defendants originally attempted to submit withheld evidence through a post-hoc reply affidavit. *See* ECF 57-5; *see also* ECF 80 ¶ II(A)(i); *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, No. 07-CV-2352, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007) ("[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply.") (citation omitted). That reply affidavit was similar to, but materially differs from, the updated affidavit they now submit. *Compare* ECF 57-5 *with* ECF 79-27 (adding three additional exhibits and completely new statement at ¶ 9). Defendants agreed to produce, but withheld, a portion of the documentary evidence attached to their original reply affidavit during discovery. *See* ECF 57-5 at 10-12 (Defendants' submission of email, never produced during discovery, between Defendant and Bobby Thariath including purported offer letter attachment). Defendants falsely certified that they were not in possession of these emails:

> **REQUEST FOR ADMISSION NO. 12:** Defendants do not possess any emails that include Bobby Thariath's offer letter (SAPPHIRE005559), or any draft of that offer letter as an email attachment.

> **RESPONSE:** Defendants admit and further state that Bobby Thariath, Plaintiff's replacement, executed the offer letter on January 5, 2021, the day before Plaintiff went out on personal leave.

ECF 53-4 at 4; *see also* Exhibit 1 ¶ 32 (agreeing to produce "[a]ll documents and communications … concerning the recruitment and/or hiring of Bobby Thariath …"). In an effort to remedy their failure to authenticate the documents offered in support of their motion, Defendants submitted an improper reply affidavit, sandbagging Plaintiff with the withheld emails. ECF 57-5. Plaintiff was as a result prevented from seeking related evidence and testimony during discovery.

The remedy for withholding material evidence is preclusion. *See Young v. Daughters of Jacob Nursing Home*, No. 09-CV-7475, 2011 WL 2714208, at *2 n.1 (S.D.N.Y. July 12, 2011) ("It is also settled that if a party fails to produce a document in discovery, he may be precluded from relying on it in connection with a summary judgment motion or at trial.") (citing Fed.R.Civ.P. 37(c)(1); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296-97 (2d Cir. 2006); *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607-08 (S.D.N.Y. 2004)). Although discovery closed over one year ago, Defendants have to date not produced the emails in question to Plaintiff or offered any explanation for not doing so or for why they falsely certified that they were not in possession of any such emails.

Defendants should not, at the summary judgment stage, be rewarded for their discovery misconduct. Nor should they be permitted to take advantage of the Court's request for clarification on the authentication issue by augmenting their other submissions. Plaintiff therefore respectfully requests an Order (i) striking those submissions (ECF 76, 77, 79) as violative of the Court's Order; (ii) precluding Defendants from using the withheld evidence in connection with their summary judgment motion or at trial, (iii) drawing an adverse inference against Defendants in light of their failure to produce evidence during discovery and false certification that they were not in possession of that evidence; (iv) awarding attorney's fees and costs incurred by Plaintiff in connection with all activities relating to the withheld evidence, the false certification, and violation of the Court's Order; (v) to the extent the Court deems necessary, a conference or leave to submit expanded briefing to address any of the above issues; and (vi) any further relief that the Court finds appropriate.

Respectfully submitted,

*/s/ Alex Rissmiller*
Alex Rissmiller

cc:     Counsel of record (via ECF)