UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBIN DARWIN,

                Plaintiff,

-against-

NEWBURGH OPERATIONS, LLC, et al.

                Defendants.

No. 22-CV-0872-LTS

---

MEMORANDUM ORDER

Plaintiff Robin Darwin ("Plaintiff" or "Darwin") brings this action against Defendants Newburgh Operations, LLC, d/b/a Sapphire Nursing at Meadow Hill ("Sapphire") and Tzvi Barax ("Barax") (collectively, "Defendants"), asserting causes of action for disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), the New York State Human Rights Law ("NYSHRL") (N.Y. Exec. Law § 290 et seq.), and the New York City Human Rights Law ("NYCHRL") (N.Y.C. Admin. Code § 8-101 et seq.). Plaintiff alleges that Sapphire unlawfully terminated her employment because of her disability. (Docket entry no. 1 ("Compl.") ¶¶ 42-49.) Plaintiff also pleads causes of action against Barax for aiding and abetting her discriminatory treatment, and against all Defendants for intentional infliction of emotional distress.

On January 15, 2025, the Court issued a Memorandum Order (docket entry no. 86 (the "January Order")) granting in part Defendants' motion for summary judgment, dismissing Plaintiff's claims based on her March 3, 2021 termination, and holding in abeyance a final determination on Plaintiff's claims for failure to accommodate (under federal, state, and local law), discrimination (under federal, state, and local law) and retaliation (under state and local law) premised on her alleged accelerated termination period from January 25, 2021, to March 3,

2021, pending supplemental briefing.  (January Order at 27.)  The Court has considered the parties' submissions carefully and, for the following reasons, denies Defendant's motion for summary judgment as to the remaining claims.

## BACKGROUND

The relevant background of this case is described in the January Order, familiarity with which is presumed for purposes of this order.

## DISCUSSION

Summary judgment is to be granted in favor of a moving party "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is considered material if it "might affect the outcome of the suit under the governing law," and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts[,] and they may not rely on conclusory allegations or unsubstantiated speculation."  Caladora v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (citation omitted).  The nonmoving party "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful."  Golden Pac. Bancorp v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004) (citation omitted).  In a motion for summary judgment, however, all evidence must be viewed "in the light most favorable to the non-moving party," Nieblas-Love v. N.Y.C. Hous. Auth., 165 F. Supp. 3d 51, 64 (S.D.N.Y. 2016) (citation omitted), and the Court is "required to resolve all ambiguities and draw all permissible

factual inferences in favor of the party against whom summary judgment is sought," Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (citation and quotation marks omitted).  Where the party opposing summary judgment "fails to properly address [the moving] party's assertion of fact . . . the Court may . . . consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2).

### Discrimination Claims

In the January Order, the Court ordered the parties to provide supplemental briefing addressing whether the record framed any triable issues of fact arising from the acceleration of the termination of Plaintiff's employment from January 25, 2021 to March 3, 2021, in light of an intervening change of law in Muldrow v. City of St. Louis, 601 U.S. 346 (2024), and in consideration of the Court's finding that the termination of Plaintiff's employment as of March 3, 2021 did not violate her rights.  (January Order at 26.)  Under the standard clarified by Muldrow, a plaintiff pleading employment discrimination need only show "some harm" with respect to an "identifiable term or condition of employment" to establish an adverse employment action.  601 U.S. at 354-55.  The Court clarified that plaintiffs are not required to show "that the harm incurred was 'significant,' [o]r serious or substantial."  Id. at 355.  Definitionally, the standard for a plaintiff to prevail on a discrimination or retaliation claim under New York state and local law is more lenient than the federal counterparts of such laws.  See Ya-Chen Chen v. City Univ. of N.Y., 805 F.3d 59, 75 (2d Cir. 2015); Shaughnessy v. Scotiabank, No. 22-CV-10870-LAP, 2024 WL 1350083, at *10 (S.D.N.Y. Mar. 29, 2024).  Therefore, if Darwin has a triable discrimination claim under federal law, she necessarily has a triable claim under NYSHRL and NYCHRL.

In her supplemental submission, Darwin now argues that she suffered a sufficiently cognizable harm from the accelerated termination period to sustain an employment discrimination claim under the recently clarified Muldrow standard. (Docket entry no. 89 ("Pl. Supp. Mem.") at 2-3.) Plaintiff provides two persuasive arguments. First, she argues that sufficient evidence in the record links Darwin's emotional distress directly to her January 25, 2021, termination. (Id. at 4 (citing docket entry no. 53-1 ("Pl. Dep.") at 136 ("[S]ince I've been terminated, that contributed to me having anxiety").) Second, Plaintiff argues that she lost the "time value of money" from "[t]he backpay Defendants issued, more than one month late." (Id. at 6-7.) Viewing the record in the light most favorable to Darwin, the Court is persuaded that the references to emotional distress, coupled with the delay in payment as a result of the January 25, 2021, termination letter, support a permissible factual inference that Darwin was harmed by the termination, even without further proof of direct financial or emotional injuries from her loss of benefits, to satisfy the lenient standard articulated in Muldrow. Therefore, the Court finds that Darwin has sufficiently alleged harm arising from the January 25, 2021 to March 3, 2021 termination period to sustain discrimination and, as explained below, failure to accommodate claims under federal, state, and local law and certain of her other claims.

<ins>Failure to Accommodate Claims</ins>

Because there is a triable fact issue regarding injury resulting from Plaintiff's January 25, 2021, to March 3, 2021, termination period, the Court also finds that Plaintiff has established a triable issue regarding her failure to accommodate claims premised on Defendants' termination of her employment after her requested medical leave. See Valentine v. Brain & Spine Surgeons of N.Y., P.C., No. 17-CV-2275-NSR, 2018 WL 1871175, at *14 (S.D.N.Y. Apr. 16, 2018) ("Terminating an employee soon after a request for an accommodation could certainly

amount to a denial of that request."). Because Plaintiff has a viable claim under the ADA, she also has triable claims under state and local law. See Berger v. N.Y.C. Police Dep't, 304 F. Supp. 3d 360, 372 (S.D.N.Y. 2018); Fernandez v. Windmill Dist. Co., 159 F. Supp. 3d 351, 366 (S.D.N.Y. 2016).

### Retaliation Claims

In the January Order, the Court dismissed the entirety of Plaintiff's federal retaliation claim because the Muldrow Court left in place the Burlington Northern standard providing that the anti-retaliation provisions are "meant to capture those (and only those) employer actions serious enough to 'dissuade a reasonable worker from making or supporting a [protected activity].'" Muldrow, 601 U.S. at 357 (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67 (2006)). The Court found that the evidence on record did not satisfy that higher burden.

Retaliation claims under NYSHRL and NYCHRL, however, do not require the same level of material harm, and instead only require an injury that is "reasonably likely to deter a person from engaging in that activity." Ward v. Cohen Media Pubs. LLC, No. 22-CV-06431-JLR, 2023 WL 5353342, at *13 (S.D.N.Y. Aug. 21, 2023) (citation omitted); see Schanfield v. Sojitz Corp. of Am., 663 F. Supp. 2d 305, 343 (S.D.N.Y. 2009) ("The standard for retaliation claims under the NYCHRL differs slightly from the [federal] standard in that there is no requirement . . . that the employees suffer a materially adverse action . . . the NYCHRL makes clear that it is illegal for an employer to retaliate in 'any manner.'" (emphasis in original)); Arazi v. Cohen Bros. Realty Corp., No. 20-CV- 8837-GHW, 2022 WL 912940, at *16 (S.D.N.Y. Mar. 28, 2022) (noting the "NYCHRL's more liberal . . . standard applies" to NYSHRL retaliation claims following the 2019 statutory amendments). Therefore, for the reasons explained above,

the Court finds that, viewing the record in the light most favorable to Darwin, she has established a triable issue regarding the extent of the harm suffered from the January 25, 2021, letter that is sufficient to sustain a retaliation claim under state and local law. For the reasons stated in the January Order, Plaintiff has also established a triable issue of fact as to all other elements of her state and local retaliation claims. Therefore, Defendant's motion for summary judgment dismissing these claims is denied.

### Aiding and Abetting Claims

Because the Court finds that the underlying primary violations survive summary judgment, and, as discussed in the January Order, the discriminatory and retaliatory conduct alleged was at least in part based on his own conduct, the Court also finds that Plaintiff has established a triable dispute as to the aiding and abetting claims asserted against Barax for failure to accommodate, discrimination, and retaliation under state and local law.

### Conclusion

For the foregoing reasons, the Defendant's motion for summary judgment is denied as to Plaintiff's claims for failure to accommodate (under federal, state, and local law), discrimination (under federal, state, and local law), retaliation (under state and local law), and related aiding and abetting claims against Defendant Barax premised on her alleged accelerated termination period from January 25, 2021, to March 3, 2021, which are the only remaining claims in this action. As stated in the January Order, Defendants' motion is granted as to Plaintiff's entire federal retaliation claim and all other claims premised on the March 3, 2021, employment termination. This Memorandum Order resolves docket entry no. 76.

The Court will refer the parties to the Mediation Program for settlement purposes by separate order. The parties must file a joint status report, which must include Plaintiff's

statement as to whether and to what extent she intends to prosecute further her claims against Defendants by **April 18, 2025**. Following that update and to the extent necessary, the Court will issue a separate Pretrial Scheduling Order setting the final pretrial conference and deadlines in this case. The parties are directed to confer and make submissions in advance of any final pretrial conference in accordance with the Scheduling Order.

      SO ORDERED.

Dated: New York, New York
       March 6, 2025

                                                   /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                                   Chief United States District Judge